In the United States District Court
for the Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket No.: 7:16-cr-00666-KMK-9 |
| ) | |
| DAVION MCADAM ) | |

**UNOPPOSED MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE**

To the Honorable Kenneth M. Karas, United States District Court Judge:

**DAVION MCADAMS**, through counsel, respectfully moves this Court for an Order terminating Mr. McAdam's term of supervised release pursuant to 18 U.S.C. § 3583(e)(1) and Fed. R. Crim. P. Rule 32.1. Mr. McAdam has successfully completed 29 months of supervised release. In regards to his monetary obligation to the Court, Mr. McAdam satisfied his financial obligations.

Based on the foregoing, Mr. McAdam has demonstrated the ability to self-manage and remain lawful well beyond the period of supervision. The United States is not opposing the early termination of Mr. McAdam's supervised release, as the United States Probation Office is recommending early termination of Mr. McAdam's supervised release. Attached hereto as **Exhibit "A"** is an email from U.S. Probation Officer Jessica Roman confirming same.

**I.      Background**

Mr. McAdam pleaded guilty on April 25, 2017, to Counts 1 through 3 of a four-count superseding information (the "Information") [Conspiracy to Distribute Narcotics, Money Laundering, and Trafficking of Firearms] and was sentenced on October 4, 2019, to timed served with five years of supervised release and an assessment of $100.00 for each count.

**II.     Applicable Law**

A defendant may seek modification or termination of a term of supervised release. 18 U.S.C. § 3583(e)(1); *United States v. Pequero*, No. 08 Cr. 823 (VSB), 2021 U.S. Dist. LEXIS 59560, at *3-4 (S.D.N.Y. March 26, 2021). The Court may, upon motion, terminate a term of supervised release after one year if, after considering the factors set forth in Title 18, United States Code, Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court finds that the defendant's conduct while on supervised release and the interest of justice warrant early termination. 18 U.S.C. § 3583(e)(1).

Although the factors listed in section 3553(a) require the Court "to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency," the purpose of supervised release is not to further punish the defendant; it's purpose is rehabilitation. *United States v. Erskine*, No. 05 Cr. 1234 (DC), 2021 U.S. Dist. LEXIS 42640, at *1 (S.D.N.Y., March 8, 2021) (quoting United States v. Lussier, 104 F.3d 32, 34 (2d Cir. 1997)). Because supervised release is meant to "assist individuals in their transition to community life," it "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

The Judicial Conference has identified the following criteria to assess eligibility for early termination of supervised release:

1. stable community reintegration (e.g., residence, family, employment);
2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
4. no history of violence (e.g., sexual assault, predatory behavior, or domestic violence;
5. no recent arrests or convictions (including unresolved pending charges), or ongoing uninterrupted patterns of criminal conduct;
6. no recent evidence of alcohol or drug abuse;

2

   7. no recent psychiatric episodes;
   8. no identifiable risk to the safety of any identifiable victim;
   9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010).

The Policy creates "a presumption in favor of recommending early termination" for supervisees after the first eighteen months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," If they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." *Id.* § 380.10(g).

On February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. See Hon. Robert Holmes Bell, Chair, JUDICIAL CONFERENCE COMMITTEE ON CRIMINAL LAW, MEMORANDUM RE: COST-CONTAINMENT STRATEGIES RELATED TO PROBATION AND PRETRIAL SERVICES OFFICES (February 16, 2012). Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Id. Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Id. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Id. Accordingly, "from a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

The ultimate decision whether to grant early termination rests within the sound discretion of this Court. *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (citing Lussier, 104 F.3d at 36). The Court is not required to hold a hearing on a motion for early termination of supervised release if the Government received notice of the relief sought

3

and did not object after a reasonable opportunity to do so. Fed. R. Crim. P. 32.1(c)(2)(B)-(C); Peguero, No. 08 Cr. 823 (VSB), 2021 U.S. Dist. LEXIS 59560, at *4.

### III.   Early Termination of Supervised Release is Appropriate and Just

Mr. McAdam satisfies all the factors set forth for early termination of supervised release. Throughout the past thirty (30) months, Mr. McAdam has fully and faithfully complied with all conditions of his sentence of supervised release. Mr. McAdam has demonstrated good behavior, reintegrated himself into the community by maintaining a stable job and stable housing, committed no new crimes, and completed the financial obligations of his sentence. Mr. McAdam has no current need for programming or treatment, and none has been required during his supervised release.

Mr. McAdam took full responsibility for his actions, pleaded guilty to one serious felony offense, and was incarcerated in connection with the charges in this case for approximately Five (5) months, without incident. Mr. McAdam is not a risk to public safety, nor does he have a history of violence.

Mr. McAdam has no recent arrests or convictions. There is no evidence of recent alcohol or drug abuse. He has not had any psychiatric episodes, recent or otherwise. There was no human victim in this case, so there is no identifiable risk to any victim.

In short, none of the factors listed in sections 3553 or 3583, outlined above weigh against early termination of supervised release. The United States Probation Office can confirm has positive post-conviction adjustment and the lack of any need to continue his supervision. See *United States v. Callahan, No. 08 Cr. 349 (JGK)*, 2018 U.S. Dist. LEXIS 93541, at *1 (S.D.N.Y. June 1, 2018) (granting early termination where defendant had made significant strides toward rehabilitation, maintained stable housing and a period of sobriety, probation did not believe further supervision was necessary, and the government did not object).

**MEMO ENDORSED**

### IV. Conclusion

Early termination of supervised release is warranted in this case due to Mr. McAdam's exemplary post-conviction adjustment and conduct, including discharging the financial obligations related to this case and living a law-abiding life since he was sentenced.

Mr. McAdam, therefore, requests that this Court grant this unopposed motion for early termination of his remaining sentence of supervised release.

Dated: February 23, 2022
       Bronx, New York

Respectfully submitted,

/s/ Murray Richman
MURRAY RICHMAN
Law Offices of Murray Richman
2027 Williamsbridge Road
Bronx, New York 10461
Phone: (718) 892-8588
Fax:    (914) 801-5447
Email: mrichman_mr@msn.com

To:

Hon. Kenneth M. Karas
United States District Court Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

AUSA Christopher Clore (Via ECF)

United States Probation Office
Southern District of New York
Probation Officer Assistant Jessica Roman (via e-mail)

**Granted.**

**Date: 3/11/2022**

SO ORDERED

KENNETH M. KARAS U.S.D.J.

5

## Certificate of Service

I hereby certify that on February 23, 2022, I caused a true and correct copy of the foregoing motion to be served via the Court's ECF system to all counsel of record in this matter.

/s/ Murray Richman